UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA MADDOX on behalf of D. M. and D. M., and RAYMOND FOSTER on behalf of H. F., minor child and heirs of JEANETTA RILEY, deceased,<br><br>                Plaintiffs,<br><br>    v.<br><br>CITY OF SANDPOINT, a political subdivision of the State of Idaho, CITY OF SANDPOINT POLICE DEPARTMENT, a department of the City of Sandpoint, SKYLAR CARL ZIEGLER, in his individual and official capacity, MICHAEL HENRY VALENZUELA, in his individual and official capacity, COREY COON, in his individual and official capacity, JOHN or JANE DOE #1-10 Employees of the Sandpoint Police Department, and SHANE RILEY, an heir of JEANETTA RILEY, deceased,<br><br>                Defendants. | Case No. 2:16-cv-00162-BLW<br><br>AMENDED CASE MANAGEMENT ORDER |

SHANE RILEY, an individual, and as Personal Representative, heir and husband to the deceased JEANETTA RILEY, and on behalf of their unborn child,

                Plaintiff,

    v.

THE CITY OF SANDPOINT, a political subdivision of the State of Idaho, CITY OF SANDPOINT POLICE DEPARTMENT, a department of the City of Sandpoint, MICHAEL VALENZUELA, in his individual and official capacity, SKYLAR C. ZIEGLER, in his individual and official capacity, GARRET L. JOHNSON, in his individual and official capacity, COREY COON, in his individual and official capacity, JOHN or JANEDOES #1-10, Employees of the Sandpoint Police Department, and ROSEMARY BRINKMEIER and BONNER COUNTY GENERAL HOSPITAL,

                Defendants.

In accordance with the telephone scheduling conference held between counsel and the Court on September 19, 2018, and to further the efficient administration of this matter,

**NOW THEREFORE IT IS HEREBY ORDERED** that the Court's prior case management order (Dkt. 39) is hereby amended. The following provisions shall govern this litigation:

**CASE MANAGEMENT ORDER - 2**

a. <u>Dispositive Motions Deadline</u>: All dispositive motions shall be filed by **January 25, 2019**.[1] The parties will comply with Local Rule 7 regarding the briefing schedule. The dispositive motion deadline will **not** be extended even if you are having discovery disputes.

b. <u>Dispositive Motions Hearing</u>: I will hold a hearing on all dispositive motions on **March 7, 2019 at 2:30 PM** and commit to issuing a decision on the dispositive motions by **April 8, 2019**. If a decision is not issued within this time frame, counsel should inquire of chambers as to the status of the decision and remind me of my commitment to issue the decision in a timely manner.

c. <u>Discovery</u>: Discovery requests must be made far enough in advance of the dispositive motion to allow completion of the discovery by the deadline date. The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue and expert witnesses, until after I have ruled on any dispositive issues. However, all non-expert discovery shall be completed by **March 1, 2019**. Interim status

---

[1] It is my policy to accept only one (1) motion to dismiss and one summary judgment motion per party. In the rare case where, due to the complexity or numerosity of issues presented, counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. I prefer reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

conferences regarding the progress of discovery will be set by separate notice.

c. <u>Rules Governing Disclosure of Expert Witnesses</u>: As noted below, each party shall provide – for each expert they have disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

   i. On or before **April 19, 2019** Plaintiffs must disclose and file their Rule 26(a)(2) reports for any expert they intend to call at trial.

   ii. On or before **May 24, 2019** Defendants must disclose and file their Rule 26(a)(2) reports for any expert they intend to call at trial (including any experts they intend to use to rebut the Plaintiff's expert witnesses).

   iii. On or before **June 7, 2019**, Plaintiffs must disclose and file their Rule 26(a)(2) reports for any experts they intend to use to rebut Defendant's expert witnesses.

d. <u>Scheduling of Trial and Pretrial Conference</u>: Trial in this matter is scheduled for **August 5, 2019 at 1:30 PM**. The parties are to contact the Court for a telephonic pretrial conference on **July 18, 2019 at 11:00 AM**. The Parties should dial into the conference call using the following information: 1-877-336-1828, access code 4685496, security code 9466.

e. <u>Law Clerk</u>: If counsel has a procedural or legal question that needs to be brought to my attention, please contact Kyle Cole, the law clerk assigned to this case at (208) 334-9363.

f. <u>Handling of Discovery Disputes and Non-Disposition Motion</u>:

    i. I will **not** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

    ii. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

    iii. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Kyle Cole, the law clerk assigned to this case, and shall provide him with a brief written summary of the dispute and the parties' respective positions. Mr. Cole may be able to offer suggestions that will resolve the dispute without the need of

my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

    iv. Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

g. <u>Calendaring Clerk</u>: With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Bracke at (208) 334-9021.

h. <u>Docketing Clerk:</u> If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED: September 24, 2018

B. Lynn Winmill
Chief U.S. District Court Judge