UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA MADDOX on behalf of D.M. and D.M., and RAYMOND FOSTER on behalf of H.F., minor children and heirs of JEANETTA RILEY, deceased, and SHANE RILEY, an heir of JEANETTA RILEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SANDPOINT, a political subdivision of the State of Idaho, CITY OF SANDPOINT POLICE DEPARTMENT, a department of the City of Sandpoint, SKYLAR CARL ZIEGLER, in his individual and official capacity, MICHAEL HENRY VALENZUELA, in his individual and official capacity, COREY COON, in his individual and official capacity, JOHN or JANE DOE #1-10, and Employees of the Sandpoint Police Department,<br><br>Defendants. | Case No. 2:16-cv-162-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

Now before the Court are three motions *in limine* (Dkts. 120, 123, 124). The motions are fully briefed and at issue. Having reviewed the briefing, the Court enters the following order.

## LEGAL STANDARD

There is no express authority for motions *in limine* in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion *in limine* is to "exclude prejudicial evidence

before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984).

## ANALYSIS

### 1. Defendants' Motions *in Limine*

#### a. Uncontested Requests

Plaintiff has stipulated to several of the requests in Defendants' first motion in limine: (1) an order precluding the plaintiff or plaintiff's lay witnesses from testifying as to legal conclusions, (2) an order precluding the plaintiff or plaintiff's lay witnesses from testifying as to the decedent's pregnancy, (3) an order precluding the plaintiff or the plaintiff's lay witnesses from rendering medical opinions and/or offering a medical conclusion, (4) an order precluding any reference or testimony regarding offers of settlement, judgment or compromise, (5) an order precluding any party from disclosing, mentioning or referencing the fact that the defendants are or may be covered by insurance, (6) an order allowing exhibits in opening statement, and (7) an order declaring that all non-party witnesses shall be excluded from the courtroom prior to their own testimony. Dkt. 120 at 2-7, Dkt. 128 at 2-5. Good cause appearing, the Court will therefore order the relief described above. The Court reminds the parties, however, that while its orders are directed at the Plaintiff, the orders will apply to both parties at trial: "what is good for the goose is good for the gander – or possibly more appropriate, what is sauce for the goose is sauce for the gander." *Bright Harvest Sweet Potato Co., Inc. v. H. J. Heinz Co., L.P.*, No. 1:13-CV-00296-BLW, 2016 WL 552455, at *1 (D. Idaho Feb. 10, 2016) (Winmill, J.).

#### b. Contested Requests

Defendants request a variety of other orders from the Court, which Plaintiff contests: (1) an order in limine precluding plaintiff and plaintiff's lay witnesses from testifying as to the medical cause or source of physical manifestations claimed to be the result of infliction of emotional distress or the alleged events that make up the plaintiff's complaint, (2) an order in limine barring testimony from the plaintiff or the plaintiff's witnesses referencing or implying that the defendant officers were obligated to use the least amount of force necessary during this incident, (3) an order in limine precluding the plaintiff from presenting documents disclosed during discovery pertaining to, or included in, the defendant officers' personnel files and training records with the City of Sandpoint Police Department that are not documents of public record, and (4) an order in limine precluding plaintiff from calling John Callanan Jr. as a rebuttal witness, or from eliciting rebuttal testimony following the testimony of defendant's expert witness at trial. Dkt. 120 at 3-6. The Court will address each of these requests in turn.

　　i. *Medical Cause Opinions*

Defendants ask the Court to prevent the Plaintiff from testifying as to the "medical causation" or "prognosis" of his alleged emotional distress. Dkt. 120 at 5-6. As the Defendants point out, Mr. Riley is not a medical expert, and therefore cannot offer opinions about medical injuries. But Defendants' request is overbroad and their arguments—citing Idaho state law for support—are unconvincing.

Although Federal Rule of Evidence 701 can sometimes bar a lay witness from offering opinion testimony regarding causation, it does not warrant the exclusion of all testimony from a witness relating to emotional distress. Defendants mistake a lay witness

testifying from personal knowledge about his emotional distress, which Courts routinely allow, with opinion testimony concerning medical causation. *See, e.g., Head v. Glacier Northwest, Inc.,* 413 F.3d 1053, 1062–63 (9th Cir.2005). Mr. Riley can certainly testify about his emotional state following the July 8, 2014 shooting and the circumstances surrounding it. Although Mr. Riley cannot hold himself out to be a medical expert, or offer medical opinions on causation, the Court will deny Defendants' request to the extent it would prevent Mr. Riley from discussing his emotional distress or his personal belief that it is tied to the shooting on July 8.

    ii. *Use of Force Policy*

  Defendants also argue that Plaintiff or Plaintiff's witnesses should be barred from testifying that the defendant-officers were obligated to use the least amount of force under the policies of the City of Sandpoint Police Department. Defendants believe any implication that officers needed to do so would "misstate the legal standard" at issue in the case. Dkt. 120 at 6. And Defendants are correct that "least amount of force necessary" is not the legal standard for an officer's reasonable use of force under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). But, as Defendants point out in their own trial brief, the training programs and policies of the City of Sandpoint are directly relevant to Plaintiff's *Monell* claim. Dkt. 133 at 14-15, Dkt. 128 at 4. The Court will entertain an objection at trial if Plaintiff misstates the standard of law to the jury, but otherwise, Defendants' request to bar evidence of the use-of-force policies of the City of Sandpoint Police Department is denied.

    iii. *Officers' Personnel and Training Records*

Defendants also ask the Court to exclude any evidence "pertaining to, or included in, the defendant officers' personnel files and training records," in particular "relating to disciplinary actions taken against the defendant officers for any incidents not directly related to this incident, based on lack of relevance." Dkt. 120 at 6. As indicated above, aspects of the defendants' training is relevant to Plaintiff's *Monell* claim, and the Court will not preclude it as part of a motion *in limine*. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 708, (1978).

Furthermore, even though Plaintiff does not go through the relevance analysis in detail, the Court will not preclude evidence of the officers' discipline for lack of relevance under Rule of Evidence 401. That the defendant-officers were disciplined for violating police policy respecting use of force is relevant to whether their use of force was reasonable in the first place. Such policy violations may be relevant in excessive force cases when "one of [the] purposes [of the policy] is to protect the individual against whom force is used." *Scott v. Henrich*, 39 F.3d 912, 915–916 (9th Cir. 1992). Therefore, absent Defendants making an argument under Rule 403, the Court will deny their motion *in limine* to exclude evidence of Defendants' disciplinary records on relevance grounds.

### iv. Rebuttal Testimony from Plaintiff's Expert John Callanan Jr

Defendants' supplemental motion *in limine* further asks the court for an order precluding Plaintiff's expert, John Callanan, Jr., from testifying in rebuttal to Defendants' expert, Mr. Haug. Dkt 124 at 2-3. Defendants move for this relief because they believe Plaintiff failed to disclose a rebuttal report as required by Rule 26(a)(2)(D)(ii) and the

Amended Case Management Order (Dkt. 100); Rule 26(a)(2)(D)(ii). However, the Court will not prospectively limit Mr. Callanan's testimony.

At this stage, there is no reason to believe Mr. Callanan will testify outside the scope of his report, so no need to preemptively rule on his testimony. Plaintiff argues that, after reviewing Mr. Haug's expert report "there was no need to supplement [Mr. Callanan's expert report]" because he had formed no new opinions. Dkt. 128 at 5. The Court understands that Mr. Callanan will therefore be limiting his opinion testimony to the scope of his original expert report as required by Rule 26. The Court will therefore not prospectively limit Mr. Callanan's testimony, but will instead remind both parties that while their experts may elaborate upon and explain reports in oral testimony, they may not introduce new opinions for the first time on the stand at trial. *See Hambrook v. Smith*, No. 14-00132 ACK-KJM, 2016 WL 4084110, at *2–3 (D. Haw. Aug. 1, 2016); *Estate of Bojcic v. City of San Jose*, 358 Fed.Appx. 906, 907 (9th Cir. 2009).

2. **Plaintiff's Motion *in Limine***

   a. **Uncontested Requests**

As with Defendants, Plaintiff's motion *in limine* contains several requests to which there is no objection. Defendants have stipulated to the Court entering several orders: (1) an order limiting Defendants' expert from commenting on issues not previously disclosed in his expert report, (2) an order limiting defendant-officers' testimony to facts, and precluding them from offering legal conclusions as to standards, training and procedures, (3) an order excluding testimony regarding the criminal records of Shane and Jeanetta Riley, (4) an order limiting objection to Plaintiff's counsel treating defendant-officers and

Chief Coons as adverse witnesses, and (5) an order excluding all previous criminal history records, NCIC report statements of Shane Riley, and statements of witnesses and officers in those reports or records. Dkt. 123 at 2-6, 129 at 2-9. The Court will therefore order the requested relief, with the added caveat that its orders apply to both parties at trial.

### b. Contested Requests

Plaintiff requests various other orders from the Court, which Defendants contest: (1) an order precluding testimony about Shane and Jeanetta Riley's past drug use, and (2) an order precluding testimony about Shane Riley's statements regarding Jeanetta Riley's intentions. Dkt. 123 at 2-6, Dkt. 129 at 2-9. The Court will address these requests in order.

#### i. Shane and Jeanetta Riley's Past Drug Use

Plaintiff asks the Court to preclude testimony at trial of Shane or Jeanetta Riley's history of drug use. Dkt. 123 at 2. The Plaintiff argues this information is not relevant to his § 1983 claim, and that its prejudicial effect substantially outweighs any probative value it might have. Fed. R. Evid. 403. Defendants counter that this evidence is relevant to the decedent's motives and behavior on the night of July 8, 2014, relevant to rebut Plaintiff's claim that he was taking his wife to the hospital "for the sole purpose of getting her mental health treatment," and relevant to calculating damages. Dkt. 129 at 4. For the reasons that follow, the Court will conditionally grant Plaintiff's request, but note that the door may be opened to this type of testimony at trial.

First, the Court finds the evidence of Shane or Jeanetta Riley's prior drug use is not admissible to prove the decedent's motives and behavior on the night of July 8, 2014. Rule 404 prohibits the use of "other act[s]" evidence to show that "on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b); *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). Both proposed uses for the Rileys' past drug use are directly foreclosed by Rule 404(b). Defendants cannot use evidence of the Rileys' prior drug use to somehow explain their behavior on the night of July 8. Likewise, they cannot use this evidence to prove "motive;" Defendants have not provided the Court with any justification that past drug use would in any way explain the motives of the decedent or her husband on the night in question. *See* Dkt. 129 at 4-5. Therefore, the Court will not admit this evidence under either of Defendants' theories.

Despite the low bar for relevance in the Federal Rules, the Court will not entertain evidence of Shane or Jeanetta Riley's past drug use to prove damages (or lack thereof), unless the Plaintiff opens the door at trial. Under Rule 401, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401 (a) & (b). As Defendants correctly point out, evidence of prior drug use could be relevant to damages when a Plaintiff is claiming loss of services, companionship, comfort, protection and conjugal affection following the death of a spouse. Dkt. 129 at 5-6. But the Court must also consider whether the limited relevance of such evidence is substantially outweighed by unfair prejudice to the Plaintiff. Fed. R. Evid. 403. Here, the Court agrees with the Plaintiff that admission of the Rileys' prior drug use is of limited relevance, and

prejudices the image of the decedent and Mr. Riley unnecessarily. As a result, the Court will grant Plaintiff's motion to exclude this evidence. But, the Court notes that if the Plaintiff opens the door at trial by introducing evidence of the couple's happy, untroubled marriage or evidence which suggests they lived drug-free lifestyle, this evidence will become fair game for impeachment.

> ii. *Shane Riley's Statements Regarding Jeanetta Riley's Intentions*

Plaintiff also asks the Court for an order excluding evidence of Shane Riley's statements to police describing his wife's statements made prior to her confrontation with police on July 8, 2014. Plaintiff argues these should be excluded as unfairly prejudicial under Rule 403. Dkt. 123 at 4. Defendants respond that these statements are admissible under an exception to the hearsay rules, and relevant to prove Jeanetta Riley's "intent to perform future actions and for impeachment purposes." *Id.* at 7-8. For the reasons that follow, the Court will deny Plaintiff's motion.

Rule 403 allows a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Plaintiff argues his statements to police following the incident on July 8, 2014, are unfairly prejudicial because the questioning occurred right after he had seen his wife shot by police, he did not know whether she was still alive, and he "did not feel free to not answer questions as the officers' weapons were drawn and they had just shot his wife." Dkt. 123 at 4. But as Defendants point out, Jeneatta Riley's statements made minutes before the shooting may be highly probative of her intent and state of mind prior to the arrival of police which, in turn, corroborate the officer's testimony of what they saw and

heard in the moments leading up to the shooting. This clearly bears on the question of whether the officers' decision to fire their weapons on the night of July 8, 2014 was "objectively reasonable." *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989); *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1053 (9th Cir. 2013).

But, the question of "objective reasonableness" must turn on what the officers saw, heard and knew at the time they fired their weapons, and not on what they learned after the shooting. This raises the specter of unfair prejudice if the jury does not make this distinction. Therefore, if requested to do so by Plaintiff's counsel, the Court will instruct the jury before such evidence is presented, that it is only to be considered by the jury to the extent it corroborates what the officers said they heard and knew in the moments leading up to the shooting. Thus, the Court will not exclude the evidence under Rule 403, but will provide a limiting instruction to the jury. As a result, the Court will deny Plaintiff's motion to exclude this evidence.

## ORDER

In accordance with the memorandum decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED that:

1. Defendants' Motions *in Limine* (Dkts. 120, 124) are GRANTED IN PART and DENIED IN PART as described above.

2. Plaintiff's Motion *in Limine* (Dkt. 123) is GRANTED IN PART and DENIED IN PART as described above.



DATED: August 1, 2019

_____
B. Lynn Winmill
U.S. District Court Judge